1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Nathan Gomez, | Case No. 2:24-cv-01158-CDS-DJA |
| Plaintiff, | |
| v. | **Report and Recommendation** |
| Leon A. Aberasturi, et al., | |
| Defendants. | |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 1). Plaintiff also submitted a complaint. (ECF No. 1-1). Plaintiff's application is complete. However, on screening, the Court finds that Plaintiff's complaint attempts to bring suit against an immune defendant.[1] The Court thus recommends dismissing Plaintiff's complaint without leave to amend. Because the Court recommends dismissing Plaintiff's complaint without leave to amend, it also recommends denying his application to proceed *in forma pauperis* as moot.

**I.    *In forma pauperis* application.**

Plaintiff filed the forms required to proceed *in forma pauperis* (without paying the filing fee). (ECF No. 1). Plaintiff has shown an inability to prepay fees and costs or give security for them. However, as outlined more fully below, upon screening Plaintiff's complaint, the Court

---

[1] The Court notes that Plaintiff could potentially amend his complaint to bring claims that would not be barred by judicial immunity. Despite this potential, the Court recommends dismissal without leave to amend and recommends denying Plaintiff's *in forma pauperis* application as moot for two reasons. First, Plaintiff may still raise any claims not barred by immunity in a new lawsuit. Second, if the Court allows Plaintiff to proceed in this action and have the opportunity to amend his complaint, that could involve garnishing the money in Plaintiff's prison account under the Prison Litigation Reform Act. To avoid garnishing Plaintiff's funds for a claim that is not currently viable, the Court recommends dismissing the complaint and denying Plaintiff's *in forma pauperis* application.

finds that dismissal without leave to amend is appropriate.  So, the Court will recommend denying Plaintiff's application to proceed *in forma pauperis* as moot.

**II.    Legal standard for screening.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law.  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states."  Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

### III.     Screening the complaint.

Plaintiff sues the Honorable Judge Leon A. Aberasturi; the mother of his child, Shaina Willard; and Shaina Willard's parents John Willard and Sandy Willard.  However, Plaintiff only alleges facts related to actions that Judge Aberasturi took, not actions that Shaina, John, or Sandy[2] took.  So, the Court only construes Plaintiff's allegations against Judge Aberasturi.

Plaintiff alleges violations of his Fourth Amendment, Sixth Amendment, and Eighth Amendment rights related to a custody dispute over his child.  Plaintiff alleges that on January 26, 2024, Judge Aberasturi presided over Plaintiff's child custody case.  Plaintiff alleges that it was a conflict of interest for Judge Aberasturi to do so because Judge Aberasturi had also presided over Plaintiff's criminal case for which Plaintiff was serving a sentence.  Plaintiff asserts that when he informed Judge Aberasturi of the conflict, the judge ignored him.  Plaintiff adds that Judge

[2] The Court refers to these Defendants by their first names for clarity.

1   Aberasturi did not inform Plaintiff of the ability to seek counsel.  Plaintiff alleges that Judge

2   Aberasturi ultimately let the Willards separate Plaintiff from his child and required Plaintiff to

3   pay child support.

4        Judge Aberasturi is immune under the doctrine of judicial immunity.  "Absolute immunity

5   is generally accorded to judges…functioning in their official capacities."  *Olsen v. Idaho State*

6   *Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004).  "This immunity reflects the long-standing

7   general principle of the highest importance to the proper administration of justice that a judicial

8   officer, in exercising the authority vested in him, shall be free to act upon his own convictions,

9   without apprehension of personal consequences to himself."  *Id.*  Judicial immunity applies to

10  claims arising under 42 U.S.C. § 1983.  *Agnew v. Moody*, 330 F.2d 868, 869-870 (9th Cir. 1964).

11       Judicial immunity is subject to certain limitations: "[j]udges are not immune from suit

12  where (1) their actions do not constitute a judicial act, and (2) they have acted in the 'clear

13  absence of all jurisdiction.'"  *Wilson v. Ayers*, No. 2:07-cv-01283-LRH-LRL, 2009 WL 1940102,

14  at *2 (D. Nev. July 7, 2009) (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). "To

15  determine if a given action is judicial…courts focus on whether (1) the precise act is a normal

16  judicial function, (2) the events occurred in the judge's chambers, (3) the controversy centered

17  around a case then pending before the judge, and (4) the events at issue arose directly and

18  immediately out of a confrontation with the judge in his or her official capacity." *Ashelman v.*

19  *Pope*, 793 F.2d 1072, 1075-76 (9th Cir. 1986).  "To determine if the judge acted with jurisdiction,

20  courts focus on whether the judge was acting clearly beyond the scope of subject matter

21  jurisdiction in contrast to personal jurisdiction."  *Id.* at 1076.  Judges have been found to retain

22  immunity even when they misinterpret the law or when their actions are erroneous and malicious.

23  *See Wilson v. Ayers*, No. 2:07-cv-01283-LRH-LRL, 2009 WL 1940102, at *2 (D. Nev. July 7,

24  2009) (collecting cases).

25       Here, Plaintiff allegations describe Judge Aberasturi acting in his official capacity.

26  Plaintiff describes Judge Aberasturi presiding over his child custody case, which is a normal

27  judicial function.  Judge Aberasturi presumably presided over this case in a courtroom and the

28  controversy centered around a case in front of him.  And Plaintiff's complaints arose directly out

of his confrontation with Judge Aberasturi while Judge Aberasturi was acting in his official capacity as a judge.  To the extent that Plaintiff asserts that Judge Aberasturi must have been acting without jurisdiction because he had a conflict of interest, Judge Aberasturi's decision not to recuse was made in his judicial capacity.

## **RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) be **denied as moot.**  The Clerk of Court is kindly directed to send Plaintiff a copy of this report and recommendation.

**IT IS FURTHER RECOMMENDED** that Plaintiff's complaint (ECF No. 1-1) be **dismissed without leave to amend.**

## **NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: July 12, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE