UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Nathan Gomez,

        Plaintiff

  v.

Leon A. Aberasturi, et al.,

        Defendants

Case No. 2:24-cv-01158-CDS-DJA

**Order Adopting Magistrate Judge's Report and Recommendation, Denying Plaintiff's Application to Proceed in Forma Pauperis, and Closing Case**

[ECF Nos. 1, 3]

      Plaintiff Nathan Gomez brings this civil-rights action seeking to redress constitutional violations he allegedly suffered by being sentenced by Judge Leon A. Aberasturi of the Third Judicial District Court. Compl., ECF No. 1-1. Gomez applied to proceed *in forma pauperis* (IFP). Therefore his complaint was screened by Magistrate Judge Daniel J. Albgrets, who entered a report and recommendation (R&R) on July 12, 2024. R&R, ECF No. 3. Judge Albgrets recommends that I dismiss Gomez's complaint without leave to amend, and thus recommends denying the IFP application as moot. *Id.*

      The R&R was served on Gomez by mail and through distribution by the law library, but on July 22, 2024, the mail was returned as undeliverable. ECF Nos. 3, 4. The following day, Judge Albregts ordered Gomez to update his address. Order, ECF No. 5. Another copy of the R&R was mailed to Gomez at two separate addresses (*id.* at 2) and sent for distribution by the law library. *See docket* at ECF No. 5. It is unclear whether Gomez received the R&R or the order from the law library; however, Gomez has not updated his address.

      Gomez had until July 26, 2024, to file any objections to the R&R. ECF No. 3 at 5; LR IB 3-2(a) (stating that parties wishing to object to an R&R must file objections within fourteen days). As of the date of this order, Gomez has neither objected to the R&R nor requested more time to do so. "[N]o review is required of a magistrate judge's report and recommendation unless

objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003). *See also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). I nonetheless considered Judge Albregts' recommendation, his order, and the docket in this matter when deciding whether to adopt his findings and recommendations.

Gomez brought this lawsuit after Judge Aberasturi ordered him to pay child support during a child custody case, and then sentenced him during a subsequent criminal case. *See* ECF 1-1. As the magistrate judge properly concludes, judges functioning in their official capacity have absolute immunity from suit. ECF No. 3 at 4–5 (citing *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004)). Gomez thus cannot prevail in a suit against Judge Aberasturi because of absolute immunity. "Although leave to amend should be given freely," Fed. R. Civ. P. 15(a)(2), "a district court may dismiss without leave where the plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Shechet v. Kim*, 481 F. App'x. 366 (2012). Here, I find that no amendment can cure the defects in Gomez's pleading so amendment would be futile. "If a claim for relief cannot be cured by amendment, it should be dismissed without affording leave to further amend." *Id.* at 366. Accordingly, with no objection filed, I adopt the magistrate judge's R&R in its entirety.

**Conclusion**

IT IS THEREFORE ORDERED that Judge Albregts' report and recommendation **[ECF No. 3] is adopted** in full. Gomez's complaint is dismissed without leave to amend.

IT IS FURTHER ORDERED that Gomez's application to proceed *in forma pauperis* **[ECF No. 1] is denied as moot**.

The Clerk of Court is kindly directed to enter judgment accordingly and to close this case.

Dated: August 22, 2024

_____
Cristina D. Silva
United States District Judge